UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SAINT JOSEPH DIVISION

BRIGHTHOUSE LIFE INSURANCE COMPANY, )
)
                Plaintiff, )
)
v.       )   Case No. 5:17-cv-06090
)
MICHAEL BATTEN and SUZANNE MOLINA, )
)
                Defendants. )

## **COMPLAINT FOR INTERPLEADER**

Plaintiff, Brighthouse Life Insurance Company ("Brighthouse") by and through its undersigned counsel, hereby states as follows:

## **PARTIES**

1. Brighthouse, at all relevant times hereinafter mentioned, is an insurance company organized and existing under and by virtue of the laws of the Delaware, with its principal place of business in Charlotte, North Carolina, and is the successor in interest to MetLife Investors USA Insurance Company. Brighthouse is authorized to do business in the State of Missouri.

2. Upon information and belief, Defendant Michael Batten is the son of Richard Batten and resides in Platte City, Missouri and is a citizen of the State of Missouri.

3. Upon information and belief, Defendant Suzanne Molina is the daughter of Richard Batten and resides in Hampton, Georgia and is a citizen of the State of Georgia.

4. Upon information and belief, no estate has been opened for Richard Batten, Deceased.

## **INTRODUCTION**

5. Upon information and belief, Richard Batten died on or about April 20, 2017.

1

6. Richard Batten had been the owner of and annuitant under Brighthouse annuity (IRA) contract 9201041546 (hereinafter, "Brighthouse Policy"), initially issued by MetLife Investors USA Insurance Company. As a result of corporate mergers, Brighthouse is responsible for payments under the Brighthouse Policy. The Brighthouse Policy is an individual single premium payment deferred annuity contract. The value of the Brighthouse Policy exceeds $500. A copy of the Brighthouse Policy is attached as Exhibit 1.

7. At time of application for the Brighthouse Policy, Richard Batten had made his wife Rita Batten the beneficiary of the Brighthouse Policy. Attached as Exhibit 2 is a copy of the application.

8. Upon information and belief, Rita Batten died in early 2017, prior to the death of Richard Batten.

9. After Ms. Batten's death, Brighthouse received a change of beneficiary form for the Brighthouse Policy. It changed the beneficiary to Michael Batten. The change of Beneficiary form is dated March 9, 2017 and is attached as Exhibit 3.

10. After the death of Richard Batten, Suzanne Molina contacted Brighthouse to advise of the death of Richard Batten.

11. Michael Batten subsequently filed a claim for the proceeds of the Brighthouse Policy. A copy of the claim form is attached as Exhibit 4.

12. On or about July 26, 2017, counsel for Suzanne Molina wrote to Brighthouse and raised issues as to the March 2017 change of beneficiary. A copy of the July 26, 2017 letter is attached as Exhibit 5.

13. The Brighthouse Policy provides that the Beneficiary is the person named on the Contract Schedule unless changed and the death benefit will be paid to the primary beneficiary

who survives the Owner, or if there are none, to the contingent beneficiary who survives the Owner, or if there are none, to the Estate of the Owner.

## JURISDICTION AND VENUE

14. Pursuant to 28 U.S.C. 1335 and 28 U.S.C. 2361, this Court has subject-matter jurisdiction over this interpleader action. The two defendants are of diverse citizenship from each and the amount in controversy (the death benefit under the Brighthouse Policy) exceeds $500 and the matter otherwise meets the requirements of the statutes.

15. Venue is proper in this district, pursuant to 28 U.S.C. 1397, in that one of the claimants, Defendant Michael Batten, resides in this district.

## CAUSE OF ACTION IN INTERPLEADER

16. Brighthouse realleges paragraphs 1-14 herein.

17. Brighthouse brings this action for interpleader relating to the Brighthouse Policy. A true and correct copy of the Brighthouse Policy is attached hereto as Exhibit 1.

18. Because of the allegations noted in paragraphs 1-16 above, which are incorporated herein, Brighthouse cannot determine the proper beneficiary under the Brighthouse Policy. Because of the risk of multiple claims as to the Brighthouse Policy, Brighthouse seeks to interplead the funds due under the Brighthouse Policy. Given Brighthouse's doubt as to the proper beneficiary, Brighthouse cannot pay any of the proceeds of the Brigthouse Policy to one of the defendants without the risk of being compelled to pay the funds to one or more of the other defendants.

19. As a mere stakeholder, Brighthouse makes no claim to the proceeds of the Brighthouse Policy other than payment by Defendants of Brighthouse's reasonable attorney's

fees and costs in connection with this action. Brighthouse therefore respectfully requests that this Court determine to whom the proceeds of the Brighthouse Policy should be paid.

20. Brighthouse is ready, willing, and able to pay the proceeds of the Brighthouse Policy, in accordance with the terms of the Brighthouse Policy.

21. Brighthouse will deposit into the Registry of the Court the proceeds of the Brighthouse Policy, plus any applicable interest due and owing under the terms of the Brighthouse Policy, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, Plaintiff Brighthouse demands judgment as follows:

a. Permitting Brighthouse to pay the proceeds of the Brighthouse Policy into the Registry of the Court;

b. Restraining and enjoining the Defendants from initiating any other action against Brighthouse for recovery of the proceeds of the Brighthouse Policy or any part thereof;

c. Dismissing Brighthouse with prejudice from this action and discharging Brighthouse from further liability beyond those monies deposited into the Registry of this Court, which represents the proceeds of the Brigthouse Policy, plus any applicable interest;

d. Awarding Brighthouse its costs and attorney's fees; and

e. Awarding Brighthouse such other and further relief as this Court deems just, equitable, and proper.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By: /s/ Ann E. Buckley
Ann E. Buckley     #26970
800 Market Street, Suite 2900
St. Louis, MO 63101-2509
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
abuckley@buckleylawllc.com
Attorneys for Plaintiff